■ Margaret Papke et al., Respondents, v. Cushing Stone Co., Inc., Appellant.— Appeal by defendant from a judgment of the Supreme Court in Saratoga County, entered upon the decision of a Referee, which awarded $8,750 for permanent damage to plaintiff Jacob Papke's realty by reason of the continuing deposit of dust thereon as a result of defendant's manufacture of bituminous concrete on adjoining premises. Plaintiff's tavern, one of his several buildings allegedly affected, is approximately 1,224 feet easterly of Pallette Stone Corporation's premises, upon which Pallette operates a stone quarry, a plant for converting stone to lime, a stone-crushing plant, equipment for use in grading stone to various sizes and loading and handling facilities. According to plaintiff's testimony, these various operations were carried on at and prior to the time he purchased his premises in 1944, but did not cause dust to settle upon his property; this in direct contradiction of the allegations of the complaint in his action against Pallette. (That action was consolidated and tried with the action against Cushing Stone Co., Inc., now before us, and the complaint therein was dismissed, on the trial, without objection.) Defendant Cushing commenced its operation in 1949 upon premises leased from Pallette, some 666 feet from plaintiff's tavern, manufacturing bituminous concrete from crushed stone and limestone screenings purchased from Pallette, to which asphalt is added; and employing, according to uncontradicted testimony, various devices substantially reducing the production of dust. The plaintiff's theory that all or practically all of the dust reaching plaintiff's premises emanates from the Cushing operation depends on the testimony of plaintiff and that of an engineer called by him. Plaintiff's testimony seems to us to have been discredited generally and, in particular, as to the basis of his identification of the dust as of a composition different from that produced by the various Pallette operations, from which, indeed, came all of the materials (other than asphalt) processed by Cushing. We find the testimony of plaintiff's engineer without probative force, resting, as it does, not on chemical or other scientific analysis or study but solely on the witness' observation at times when the Cushing plant was not in operation. The Referee found, upon adequate evidence, that Papke purchased his property after " a thorough investigation of the locality "— " an extremely dusty non-residential community " in which Pallette's operation and that of plaintiff and his predecessor were then the only businesses — and with " full knowledge " of probable " additional and enlarged industrial uses * * * allied to and dependent upon the source of crushed stone "; and that a " considerable quantity " of dust covered the area prior to plaintiff's purchase and prior to the subsequent erection of the Cushing plant. The decision found that the dust upon plaintiff's property originated from the Pallette operation, from defendant's plant and from trucks operating over nearby roads, and that defendant's operation " contributed a substantial part of said damage ". In our appraisal, the preponderance of the credible evidence does not sustain the finding that defendant's operations caused a " substantial part " or, indeed, any legally measurable or allocable portion, of whatever damage may have been sustained. If, however, we were to assume a showing of substantial deposits of dust chargeable to defendant's operation, the expert testimony would afford no adequate basis for an award of monetary damage. Indeed, plaintiff submitted

to an order of preclusion in preference to furnishing particulars in aid of an informed evaluation. Additionally, certain of the findings which we have noted as sustained by the evidence require, as does the record as a whole, that controlling effect be given the factor of the prior occupation and use of the adjoining premises for the dust-producing business, from which it follows that plaintiff must be held, upon the facts of this case, to have assumed the risk of such damage as did ensue from Pallette's operation and from Cushing's subsequent use of some part of Pallette's production. (*McCarty* v. *Natural Carbonic Gas Co.*, 189 N. Y. 40, 46–47; *Nuzzo* v. *Lapan*, 7 A D 2d 535, affd. 7 N Y 2d 826.) Judgment reversed, on the law and the facts, and judgment dismissing complaint directed, with costs to appellant. Settle order. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.